```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION AT LONDON**

```
RICKY NELSON FARLEY,         )
                             )
     Plaintiff,              ) Action No. 6:16-cv-00225-JMH
                             )
v.                           )
                             ) MEMORANDUM OPINION AND ORDER
NANCY A. BERRYHILL¹,         )
Acting Commissioner of       )
Social Security,             )
                             )
     Defendant.              )
```

                    ** ** ** ** **

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 10 and 12) on Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income.[2] The matter having been fully briefed by the parties is now ripe for this Court's review.

**I. Overview of the Process and the Instant Matter**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520(1982)).

## II.

Plaintiff filed his current application for Supplemental Security Income (SSI) alleging disability beginning March 30, 2009 (Tr. 211).[3] It was denied initially and on reconsideration (Tr.

---

[3] A previous Administrative Law Judge's (ALJ) decision dated January 26, 2000, found that Plaintiff was not disabled because he retained a residual functional capacity (RFC) for light exertion work with additional non-exertional limitations (Tr. 73-81).

2

110, 131), and by an ALJ after a hearing (Tr. 11-33, 34-68). The Appeals Council declined Plaintiff's request for review (Tr. 1-5), making the ALJ's June 15, 2015 decision the final agency decision for purposes of judicial review. 20 C.F.R. § 422.210(a).[4] This appeal followed and the case is ripe for review pursuant to 42 U.S.C. § 405(g).

## III.

Plaintiff was 49 years old at the time of his most recently filed application for SSI on January 10, 2013, and 51 years old at the time of the Commissioner's June 15, 2015, final decision now before the Court (Tr. 211). Plaintiff has an eighth-grade education with past relevant work as a company laborer (coal mining) (Tr. 63, 249). In his current application materials, Plaintiff alleged he became unable to work due to both physical and mental impairments (Tr. 248).

Plaintiff has restricted his arguments to those issues specifically discussed below. Therefore, it is unnecessary to provide a recitation of the medical evidence not at issue in the case before the Court and discusses the evidence before the ALJ only with respect to those issues "argued" by Plaintiff.

Plaintiff has received outpatient psychological treatment through Cumberland River Comprehensive Care (CompCare). In early

---

[4] All subsequent citations are only to part 416 of the regulations, which pertain to SSI. There are parallel citations in part 404 pertaining to DIB.

3

October 2012, Plaintiff reported "no days of poor physical health" and reported having no chronic medical conditions in the past 12 months (Tr. 765). Plaintiff also reported having no symptoms of depression, but did report some mentally related symptoms (Tr. 766). Plaintiff reported that during the preceding 12 months, he had used opioid analgesics, as well as other sedatives, tranquilizers, or muscle relaxants that were not prescribed for him (Tr. 766-767).

In March 2013, William R. Rigby, Ph.D., saw Plaintiff for a consultative mental examination (Tr. 959-964). Dr. Rigby observed that Plaintiff was fully alert and oriented x3 with significantly impaired concentration and attention. Intellectually, Plaintiff appeared to be functioning at a limited level. Dr. Rigby noted that it was unknown as to when his psychotic disturbance would have begun, but that Plaintiff's psychological conditions were likely to continue indefinitely. Dr. Rigby observed that Plaintiff's mood was depressed. He assessed Plaintiff with a moderate impairment in understanding, retaining, and following simple instructions and in sustaining concentration and persistence to complete tasks in a normal time. Dr. Rigby opined that Plaintiff had an extreme impairment in maintaining social interactions with supervisors, friends, and the public; and an extreme impairment in adapting and responding to the pressures of normal day-to-day work activity (Tr. 959-964).

During the most recent administrative proceedings, state agency psychologist Cal VanderPlate, Ph.D., reviewed the record and opined that Plaintiff had the ability to understand, remember, and carry out simple one and two step instructions; maintain concentration, persistence and pace for two-hour periods; perform activities within a schedule; maintain regular attendance; be punctual and complete a normal workday and workweek; make simple work-related decisions; work in coordination with others without being distracted by them; relate adequately to the public, co-workers and supervisors; ask simple questions; accept instructions; respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting; and be aware of normal hazards (Tr. 105). Dr. VanderPlate noted Dr. Rigby's March 2013 consultative evaluation and that he did not concur with Dr. Rigby's assessment. Dr. VanderPlate pointed out that Plaintiff's current treating source noted mood was euthymic with no psychotic symptoms; history did not support the presence of any psychotic process; Plaintiff's report of hallucinations and delusions to Dr. Rigby was not considered legitimate psychological symptoms; and Plaintiff's presentation was evasive and inconsistent with numerous suggestions of dissimulation and malingering. Dr. VanderPlate found Plaintiff's report of symptoms and limitations not credible. Thus, Dr. VanderPlate gave Dr. Rigby's evaluation "no weight" (Tr. 97, 119).

Plaintiff testified at the December 2014 administrative hearing that he had worked as a roof bolter in the coalmining industry and described the work activities associated with that occupation (Tr. 43-44, 56). He said that he last worked on a regular basis in 2009 (Tr. 57). He said he had an eighth-grade education but had attended special education classes (Tr. 60). Plaintiff testified that he does not have a driver's license because it was suspended for a DUI about six years prior to the hearing (Tr. 44). Plaintiff said that his worst problem was his nerves, anxiety and depression; but that prescription medication was keeping his mental condition stable (Tr. 45). Plaintiff testified that he does not do anything but lay around the house all the time (Tr. 45). He said that he sees a counselor at Comp Care once a month and sees his doctor every three months (Tr. 46). Plaintiff said that he probably needed glasses but that none had been prescribed. He also said that he experienced "ringing" in his ears but that his hearing had not been checked (Tr. 50). Plaintiff also claimed that he heard voices during the day and saw things at night (Tr. 52). Plaintiff testified that he did some light cooking (microwave) and washed his own clothes (Tr. 54).

A vocational expert (VE), William Ellis, testified at the December 2014 administrative hearing (Tr. 63-67). The VE testified that Plaintiff's past work as a company laborer in the coal industry was very heavy exertion as performed, heavy exertion with

an SVP of two as classified by the DOT (Tr. 63). The ALJ asked the VE a hypothetical question as to an individual of Plaintiff's vocational profile who could do light exertion work with additional non-exertional limitations (Tr. 64-65). The VE testified that the individual could do the representative light exertion positions of food prep worker, dishwasher, and inspector/tester (Tr. 65). The VE indicated that his testimony did not intentionally deviate from the Dictionary of Occupational Titles (DOT) (Tr. 66). The ALJ and Plaintiff's counsel then asked the VE if the individual had other limitations that were not part of the ALJ's ultimate RFC finding, would it affect the individual's ability to maintain employment. The VE testified that those limitations would preclude employment (Tr. 65-67).

On June 15, 2015, after a careful review of the record, the ALJ found that Plaintiff had the severe impairments of degenerative changes of the lumbar spine; lung disease; history of substance abuse; anxiety; depression; decreased hearing; and decreased vision; with additional non-severe impairments of hepatitis B and C (Tr. 13-14; Finding No. 2). The ALJ found that Plaintiff's impairments, singly or in combination, did not meet or equal the severity of a listed impairment (Tr. 14-15; Finding No. 3). The ALJ found that Plaintiff's complaints of disabling limitations were not entirely credible (Tr. 16).

Further, the ALJ found that Plaintiff retained the RFC to perform light exertion work that did not require sitting in excess of one hour uninterrupted; standing in excess of 30 minutes uninterrupted; any climbing, stooping, crouching, crawling, kneeling, balancing or pushing/pulling with the upper extremities; any exposure to whole body vibration or pulmonary irritants, such as dust fumes, smoke, chemicals, or noxious gases; loud noise exposure; or more than 20/50 corrected vision. The ALJ found that in relation to Plaintiff's mental limitations resulting from his history of substance abuse, anxiety and depression; he retained the capacity to understand, remember and carry out simple instructions and tasks; tolerate occasional, casual contact with coworkers, supervisors and the public; and adapt to occasional, gradually introduced instructions (Tr. 15-26; Finding No. 4). The ALJ found that Plaintiff's RFC allowed him to perform the representative light exertion occupations as identified by the VE (Tr. 26-27; Finding No. 9).

Additionally, the ALJ determined that in relation to Plaintiff's "overall residual function," she adopted the conclusions set forth in the prior January 2000 hearing decision although adding hearing and vision limitations and modifying her RFC assessment to include more vocationally relevant terms (Tr. 26). Thus, the ALJ found that Plaintiff was not disabled from January 10, 2013, his most recent SSI application filing date,

through June 15, 2015, the date of the Commissioner's final decision now before the Court (Tr. 27; Finding No. 10).

**IV.**

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept." *Foster*, 279 F.3d at 353.

**V.**

Plaintiff bears the ultimate burden of proving disability. See 42 U.S.C. § 423(d)(5); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Richardson v.* Heckler, 750 F.2d 506, 509 (6th Cir. 1984). The regulations require Plaintiff to offer the evidence he believes will prove disability. *See* 20 C.F.R. §§ 404.1512(a), (c), 404.1513(e), 404.1516 (2016);[5] *Barnhart v. Thomas*, 540 U.S. 20 (2003) (the Commissioner's regulations deserve deference). Plaintiff failed to meet his burden.

---

[5] All citations to the Code of Federal Regulations are to the 2016 version.

As an initial matter, beyond an undeveloped argument that the ALJ's June 15, 2015 decision was not supported by substantial evidence, Plaintiff also presents three other narrow and essentially undeveloped challenges to the ALJ's consideration of his SSI claim.[6] Although Plaintiff's arguments are somewhat difficult to discern, from the Court's review of Plaintiff's brief, it would appear that Plaintiff challenges the ALJ's June 2015 decision by claiming that the ALJ should have found that his alleged impairments were of listing level severity, that the ALJ erred in her RFC assessment, and that the VE responded to a hypothetical question that did not include all of Plaintiff's alleged limitations. Pl.'s Br. at 7-10. However, the Commissioner asserts that Plaintiff has waived argument as to any issues not raised or argued with specificity in his brief. *See United States v. Elder,* 90 F.3d at 1118 (6th Cir. 1996); *see also Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.")

---

[6] In his brief to the Court, other than relatively common cites to cases defining substantial evidence, establishing Plaintiff's burden of proof at step two, and the use of VE testimony, Plaintiff does not provide the Court any other relevant case, rule, or regulation cites in support of his rather sparse and undeveloped arguments. Pl.'s Br. at 7-10. As such, the Commissioner asserts that Plaintiff has waived all arguments, as the issues set forth by Plaintiff are presented in a perfunctory manner and, in essence, are unaccompanied by any real effort at developed argumentation. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation omitted)).

Plaintiff provides no argument for not applying *Drummond* and *Dennard* in the case before the Court. Pl.'s Br. at 2. Moreover, Plaintiff does not provide any developed arguments to contest the ALJ's step three, RFC, and step five findings of the familiar five step sequential evaluation. Instead, Plaintiff makes general assertions but does not proceed to support his assertions with any developed arguments. Further, the Commissioner respectfully submits that the evidence apparently relied upon by Plaintiff in support of his essentially undeveloped arguments as to the severity of his alleged impairments, RFC, and whether there are a significant number of jobs existing in the national economy that he could perform, did not result in the ALJ committing error in her June 2015 decision. Pl.'s Br. at 7-10.

In the June 2015 ALJ's decision now before the Court, the ALJ justifiably determined that the precedents established in Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997) and Dennard v. Secretary of Health and Human Services, 907 F.2d 598 (6th Cir. 1990), dictate that the RFC finding in the previous ALJ's denial decision was controlling unless there was new and material evidence or a showing of "changed circumstances" relating to a determination of the present claim. The ALJ reasonably noted that she had not found any evidence of significant physical or mental deterioration since the prior hearing decision in January 2000 (Tr. 11), and that she adopted the prior ALJ's conclusions as

to Plaintiff's "overall residual function," although added hearing and vision limitations (Tr. 26). She also modified her RFC assessment to include more vocationally relevant terms (Tr. 11).

Because the Court's holding in *Drummond* conflicts with agency regulations, which indicate that res judicata does not apply for an unadjudicated period, the Commissioner issued Acquiescence Ruling (AR) 98-4(6), 1998 WL 283902 (S.S.A.). This AR implemented the *Drummond* decision by directing adjudicators within Sixth Circuit jurisdictions to adopt findings from the final decision by an ALJ on a prior claim unless there is new and material evidence related to a finding. See AR 98-4(6). Consequently, an ALJ can make a determination as to whether she is bound by the prior ALJ's decision by evaluating the evidence since that prior ALJ's decision and explaining what that evidence shows. That is exactly what the ALJ did in the case before the Court (Tr. 11, 13-27).

Pertaining to the ALJ's step three finding in her June 2015 decision, Plaintiff merely argues, "[t]here is sufficient evidence of record to show a combination of impairments that meets or medically equals one of the listed impairments." However, Plaintiff does not proceed to indicate what that evidence might be, why it is sufficient, or even what listed impairment he believes he met or equaled. Pl.'s Br. at 8. *See Murphy v. Sec'y of Health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1987) (it is the claimant's burden to prove the severity of her impairments);

*see also Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (unpublished) (holding that an ALJ is not obligated to "spell out every consideration that went into the step three determination").

As to the ALJ's justifiable RFC finding, Plaintiff argues that he has shown "objective medical evidence of a condition causing pain along with other symptoms and that said condition is reasonably expected to cause pain or other symptoms of disabling severity" but, again, does not identify what condition he is referring to in his argument to the Court or why his pain or other symptoms are of "disabling severity." Pl.'s Br. at 10.

Finally, as to the ALJ's step five finding that a significant number of jobs remained in the national economy that Plaintiff retained the capacity to perform, Plaintiff argues that he "is going to the doctor every one to three months, and this clearly raises the bar to that of a disabled individual. His ongoing medical conditions make him a good candidate for disability benefits." and that the ALJ had "overestimated [his] ability to perform work activities," but does not proceed to explain how the ALJ "overestimated."

Further, Plaintiff references a hypothetical question that his then-counsel propounded to the VE at the December 2014 hearing that included the following "if they had to miss work to go to the doctor or counseling or regular check-ups or over – since we go about three months, that would be three doctors – three misses in

13

a month. Would these jobs allow for that? (Tr. 66). Pl.'s Br. at 9.

In response, the Commissioner submits that, at best, his counsel's question is unclear and ambiguous. Further, Plaintiff testified that he sees a counselor at Comp Care once a month and sees his doctor every three months (Tr. 46). The Commissioner asserts that based upon Plaintiff's testimony, the amount of times Plaintiff might miss work on a monthly basis for treatment is once, except for every third month, when he might miss work twice. See Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing Hardaway); *see also Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (a vocational expert's answer to a hypothetical question constitutes substantial evidence so long as the question accurately portrays the claimant's physical and mental impairments).

The real question before this Court is whether the ALJ's June 2015 RFC finding was reasonable. A claimant's RFC is assessed by the ALJ between steps three and four and is "the most [a claimant] can still do despite [his] impairments." 20 C.F.R. §§ 416.920(a)(4), 416.945(a)(1) & (5). In the case before the Court, the ALJ made a reasonable and justifiable determination of

14

Plaintiff's RFC that included a thorough twelve-page analysis of the total evidence of record as well as consideration of the Sixth Circuit controlling law in *Drummond* and *Dennard* (Tr. 15-26; Finding No. 4).

In her thorough assessment of Plaintiff's RFC and in determining that Plaintiff retained the capacity to perform representative light exertion work, the ALJ reasonably considered all of Plaintiff's impairments, both severe and non-severe and provided specific reasoning for her RFC finding (Tr. 14-27; Finding Nos. 3, 4, 9). Further, the ALJ discussed opinion evidence that supported her findings as to Plaintiff's RFC, the existence of a significant number of jobs in the national economy, and her ultimate decision that Plaintiff was not disabled (Tr. 26-27).

Moreover, the ALJ carefully considered the entire record in evaluating the evidence relevant to her RFC finding (Tr. 13, 15; Finding No. 4). The ALJ's reasonable analysis of the record included consideration of Plaintiff's subjective complaints; medical records from Plaintiff's treating and examining sources; and the opinions of state agency medical consultants. As "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 416.927(e)(2)(i), the decision to give more weight to a state agency doctor over treating and examining doctors is, indeed,

permissible. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

Because the ALJ's RFC finding as to extent of Plaintiff's work-related limitations was supported by substantial evidence, the Court will affirm the ALJ's decision. 68 Fed. Reg. 51,153, 51,155 (Aug. 26, 2003) (comments to final rule) (recognizing a claimant bears the burden of proving residual functional capacity); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2014) As discussed, Plaintiff's arguments about the ALJ's consideration of the severity of Plaintiff's impairments and her RFC determination are essentially undeveloped and do not withstand scrutiny. Further, Plaintiff's argument regarding VE testimony is based upon Plaintiff's incorrect determination of how many days he might miss work due to medical treatment. Pl.'s Br. at 9. At his December 2014 hearing, Plaintiff said that he sees a counselor at CompCare once a month and sees his doctor every three months (Tr. 46). The Commissioner submits that the ALJ reasonably considered the total record including all relevant objective medical evidence and Plaintiff's subjective complaints in the making of her RFC determination, and in determining that Plaintiff retained the capacity to perform the representative light exertion work as identified by the VE.

While Plaintiff may have continued to have limitations that negatively affected his ability to work, the mere existence of

16

impairments such as those alleged by Plaintiff is insufficient to establish disability under the stringent standards of the Act. Instead, Plaintiff had to show that his impairments caused functional limitations so severe that he was unable to engage in any substantial gainful activity for a continuous period of at least 12 months. *See Barnhart v. Walton*, 535 U.S. 212, 220 (2002); 42 U.S.C. § 423(d)(1)(A). The disability, not just the impairment, must last 12 months. *Walton*, 535 U.S. at 220. Here, the evidence simply does not support Plaintiff's claims of completely disabling limitations through the date of the ALJ's June 15, 2015 decision now before the Court. *See* 20 C.F.R. § 416.929(c)(4) (stating an ALJ must consider inconsistencies in the evidence); see also Walters v. Comm'r of Soc. Sec., 127 F.3d at 532.

Again, in her June 2015 decision, the ALJ carefully and reasonably considered the total record in her step three analysis, RFC determination, and in determining that a significant number of occupations exist in the national economy that Plaintiff retains the capacity to perform (Tr. 13, 15-27; Finding Nos. 3, 4, 9). Further, the ALJ justifiably determined that Plaintiff retained the RFC to perform light exertion work with additional non-exertional limitations[7] as found in the previous January 2000 ALJ's

---

[7] As noted above, the ALJ reasonably found that there was no evidence of significant physical or mental deterioration since the prior hearing decision of January 26, 2000. However, the ALJ justifiably modified the RFC finding to include more vocationally relevant terms and address vision and hearing impairments (Tr. 11).

17

decision (Tr. 26; Tr. 73-81); and, thus, Plaintiff was not disabled under the Act (Tr. 27; Finding No. 10).

Moreover, state agency medical consultant, Dr. VanderPlate, provided an opinion as to the extent of Plaintiff's work-related mental abilities including that Plaintiff had the ability to understand, remember, and carry out simple one and two step instructions; maintain concentration, persistence and pace for two-hour periods; complete a normal workday and workweek; make simple work-related decisions; work in coordination with others without being distracted by them; relate adequately to the public, co-workers and supervisors; respond appropriately to criticism from supervisors and to changes in the work setting (Tr. 105). Dr. VanderPlate noted Dr. Rigby's March 2013 consultative evaluation and provided a number of persuasive reasons for his conclusion to give "no weight" to Dr. Rigby's assessment. Further, Dr. VanderPlate found Plaintiff's report of symptoms and limitations not credible (Tr. 97, 119).

In her June 2015 decision, the ALJ gave Dr. Rigby's opinion careful consideration and overall accorded it "minimal weight." (Tr. 23-26). Further, the ALJ justifiably accorded "no weight" to Dr. Rigby's opinion that Plaintiff was subject to "extreme" limitations because his opinion was not consistent with a preponderance of the substantial record and specifically, the records submitted by treating sources at CompCare (Tr. 26; Tr.

18

765-767). Further, the ALJ reasonably adopted the state agency mental assessments that she deemed overall consistent with the record as a whole as well as the prior decision (Tr. 26). The decision to give more weight to a state agency doctor over treating and examining doctors is, indeed, permissible. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); *see also Richardson v. Perales*, 402 U.S. at 399 ("We . . . are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.").

As a review of the ALJ's decision and associated List of Exhibits clearly shows (Tr. 11-33), the ALJ carefully considered the entire record before her including all relevant findings and opinions from treating or examining sources and state agency medical consultants, her reasonable treatment of these medical opinions and relevant medical findings does not support Plaintiff's request for remand. In sum, the ALJ's findings that Plaintiff retained the RFC for light exertion work including the representative occupations as testified to by the VE was supported by substantial evidence.

The record reflects that the Acting Commissioner's final decision that Plaintiff has failed to demonstrate that he would be unable to perform work activity at the light level of exertion, including representative occupations existing in significant

numbers in the national economy is supported by substantial evidence.  It shall be affirmed.

**VI.**

For all of the reasons set forth above, **IT IS ORDERED**:

1)   that Plaintiff's Motion for Summary Judgment (DE 10) is **DENIED;**

2)   that Defendant's Motion for Summary Judgment (DE 12) is **GRANTED,** and;

3)   The Acting Commissioner's final decision is **AFFIRMED.**

This the 24th day of October, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge